1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

CHARLES S. LONGSHORE,

8                                          Plaintiff,         No. C11-5278 RBL/KLS

9              v.                                             ORDER RE: PLAINTIFF'S MOTION FOR
                                                             TEMPORARY RESTRAINING ORDER,
10    SCOTT RUSSELL, SGT. QUENGA,                            MOTION FOR RETURN OF
      SGT. McKANNEY, SGT. ROBERTS,                          COMPLAINT, AND AMENDED
11    C/O TROTTER, and STEVEN                               COMPLAINT/INFORMATION
      DEMARS,
12
                                          Defendants.
13

14          This civil rights action has been referred to United States Magistrate Judge Karen L.

15    Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff Charles S.

16    Longshore is presently confined at the Washington Corrections Center in Shelton, Washington.

17    He filed a motion for leave to proceed *in forma pauperis* and a proposed civil rights complaint

18    on April 12, 2011.  Under separate order, Plaintiff has been granted leave to proceed *in forma*

19    *pauperis*.  For the reasons set forth below, the Court is unable to direct service of the Plaintiff's

20    complaint at this time.  In addition, Plaintiff's Motion For Return of Original Complaint (ECF

21    No. 5), a Motion for Temporary Restraining Order (ECF No. 6), and Amended Complaint/

22    Information (ECF No. 7) are addressed herein.

23

24    **A.      Amended Complaint**

25          The Court is unable to order service of Plaintiff's Complaint because it is unknown

26    whether Plaintiff wishes to proceed under the first complaint he filed or the subsequently filed

ORDER - 1

"amended complaint/information."  An "amended" complaint operates as a complete substitute for the present complaint.  Plaintiff cannot proceed and the Court will not order service of two separate complaints.  Plaintiff must include all of his factual allegations, legal claims, and requests for relief in one complaint before the Court will order service.   Therefore, Plaintiff may file an amended complaint **on or before June 3, 2011.**  Plaintiff shall set forth his factual allegations *in separately numbered paragraphs* and shall allege with specificity the following:

(1)     the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2)     the dates on which the conduct of each Defendant allegedly took place; and

(3)     the specific conduct or action Plaintiff alleges is unconstitutional.

As noted above, an amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint.  In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed.  Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall present his complaint on the form provided by the court.  The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case.  Plaintiff should complete all sections of the court's form.  Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended

ORDER - 2

complaint.  In order to make a short and plain statement of claims against the defendants, plaintiff should include factual allegations that explain how each named defendant was involved in the denial of his rights.  The court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The court will not authorize service of the amended complaint on any defendant who is not specifically linked to the violation of Plaintiff's rights.

Plaintiff shall file his amended complaint, setting forth all of his factual claims, causes of action, claims for relief, and any exhibits, on or before **June 3, 2011.**  The Court Clerk is directed to return a copy of Plaintiff's original complaint to him to facilitate this process.

Plaintiff is cautioned that if an amended complaint is not timely filed or if Plaintiff fails to adequately address the issues raised herein on or before **June 3, 2011**, the Court will recommend dismissal of this action as frivolous.

**B.    Motion for Temporary Restraining Order**

Shortly after filing his complaint, Plaintiff filed a Motion for Temporary Restraining Order.  ECF No. 6.  Plaintiff requests an order enjoining Defendants or any other Washington Corrections Officer from transferring him within WCC and to be transferred up to unit R6.  ECF No. 6.  Plaintiff claims that the transfers are in retaliation for filing a lawsuit.  *Id.*

Plaintiff is not entitled to preliminary injunctive relief until such time as the Defendants he seeks to restrain have been served with the summons and complaint.  *See Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir.1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").  At this juncture, therefore, Plaintiff's requests for injunctive relief are premature.

ORDER - 3

In addition, under Federal Rule of Civil Procedure 65(a)(1), no preliminary injunction can be issued without notice to the opposing party.  A temporary restraining order may be granted under Rule 65(b), but only if:

1)    it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and

2)    the [applicant] certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Plaintiff is advised that if he seeks relief from the Court, he must set forth his requests in a pleading or motion and that he must serve copies of all pleadings and motions on all Defendants through their counsel of record pursuant to Fed.R.Civ.P. 5(b)(1).  Pursuant to Fed.R.Civ.P. 5(d), Plaintiff is also required to attach and file a certificate of service stating that he has served all Defendants with the pleading and/or motion every time he files and serves a document.  All motions will be decided by the court without oral argument and parties are not to appear on the date the motion is noted unless directed by the Court.  CR 7(b)(4).

Accordingly, the Court **ORDERS**:

1)    Plaintiff shall file an amended complaint **on or before June 3, 2011.**  Plaintiff is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **June 3, 2011**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil

ORDER - 4

action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

2)	Plaintiff's Motion for Return of Original Complaint (ECF No. 5) is **GRANTED. The Clerk is directed to send Plaintiff a copy of his original complaint, the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

3)	The Clerk shall **strike** Plaintiff's motion for a temporary restraining order (ECF No. 6) from the Court's docket.  Plaintiff may re-file his motion for temporary restraining order after Defendants have been properly served with the complaint and have appeared in this action, by filing a notice and serving it on the Defendants or their counsel.  The motion may be scheduled on the Court's calendar for the third Friday after filing and service of the motion.


**DATED** this  9th  day of May, 2011.


Karen L. Strombom
United States Magistrate Judge

ORDER - 5