UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES S. LONGSHORE,<br><br>                    Plaintiff,<br><br>     v.<br><br>SCOTT RUSSELL, SGT. QUENGA, SGT. McKANNEY, SGT. ROBERTS, C/O TROTTER, and STEVEN DEMARS,<br><br>                    Defendants. | No. C11-5278 RBL/KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL |

Before the Court is Plaintiff's motion for the appointment of counsel. ECF No. 23. Having carefully reviewed Plaintiff's motion, and balance of the record, the Court finds, for the reasons stated below, that Plaintiff's motion should be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.")  However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting

ORDER - 1

*Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues involved as "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development of further facts during litigation.  But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues.  *Id.*

Plaintiff states that he requires the appointment of counsel because he has no knowledge of the law or federal court rules and proceedings, has far more evidence to file, and has limited resources. ECF No. 23.   The Court finds no exceptional circumstances in this case.  While Plaintiff may not have vast resources or legal training, he meets the threshold for a *pro se* litigant.   Concerns regarding investigation and discovery are also not exceptional factors, but are the type of difficulties encountered by many *pro se* litigants.  There are also numerous avenues of discovery available to the parties through the Federal Rules of Civil Procedure during the litigation process.   Moreover, Plaintiff has not shown a likelihood of success on the merits.

Accordingly, Plaintiff's motion to appoint counsel (ECF No. 23) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

**DATED** this  2nd   day of September, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2