UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES S. LONGSHORE,

                     Plaintiff,

   v.

SCOTT RUSSELL, SGT. QUENGA, SGT. McKANNEY, SGT. ROBERTS, C/O TROTTER, and STEVEN DEMARS,

                     Defendants.

No. C11-5278 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For:  September 23, 2011**

Before the Court is Plaintiff's Motion for "TRO and/or Preliminary Injunction."  ECF No. 25.  Having carefully reviewed the motion, Defendants' opposition (ECF No. 26), and balance of the record, the Court finds that the motion should be denied.

**BACKGROUND**

**A.**    **Summary of Claims**

Plaintiff alleges that he was sexually assaulted by Defendant Trotter during a pat-down search on April 5, 2011.  ECF No. 11.  Plaintiff further alleges that since that day, he has been subjected to assault, intimidation, harassment, wrongful cell confinement, retaliation, and false infractions by Defendants.  *Id.*  He claims that Defendants have violated his First, Fourth, Fifth, Eighth and Fourteenth Amendment rights.  Defendants are employed by the Department of

ORDER - 1

Corrections (DOC) at the Washington Correction Center (WCC), where Plaintiff was formerly housed. Plaintiff is currently housed at the Coyote Ridge Correction Center (CRCC) in Connell, Washington. *See* ECF No. 25, p. 2.

**B.      Motion for Preliminary Injunction and Relief Requested**

Plaintiff requests an Order "restricting defendants from transferring Plaintiff prison to prison, unit to unit within Washington State" for the duration of this lawsuit. ECF No. 25. In his affidavit, Plaintiff states that after he filed his complaint in this action, he was moved to "R2 Lower R Unit at WCC (the Washington Corrections Center)" and that he lost over half the privileges he had earned. ECF No. 25, p. 2. He claims that this move was in retaliation for reporting the "PREA incident" and for filing a grievance against Defendants Trotter and Roberts. Plaintiff states that Defendant Roberts told him not to threaten his staff with an investigation and slammed Plaintiff into a fence. He also states that after he filed his original complaint, Defendants McKanney and Quenga pulled him into their "private" office four times in one week and threatened him with intensive management and infractions. Plaintiff claims that prior to this time, he never had any problems. Plaintiff also claims that Defendant McKanney moved him to "the first cell" so that he could be better monitored and that Defendant McKanney instructed staff to submit infractions, real or false, against Plaintiff. *Id.*

Plaintiff also states in his affidavit that his move to R2 was in response to his request that he be moved. However, Plaintiff complains that he lost contact visits, access to weight rooms, and was basically on close custody status for no reason. ECF No. 25, pp. 3-4. He was then transferred to CRCC which now 310 miles away from his family. *Id.*, p. 3. He asks for a temporary restraining order "for safety concerns" against the Defendants at WCC, and that he be moved back to Western Washington. *Id.*

ORDER - 2

## DISCUSSION

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90, 128 S. Ct. 2207, 2219, 171 L.Ed.2d 1 (2008) (citations and quotation omitted). Instead, the instant motion requires the court to "balance the competing claims of injury and ... the effect of the granting or withholding of the requested relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 376, 172 L.Ed.2d 249 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542, 107 S. Ct. 1396, 94 L.Ed.2d 542 (1987)). A plaintiff seeking a preliminary injunction must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest. *Id.* (citations omitted). This is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 376. Moreover, Plaintiff must show more than a mere "possibility" of irreparable harm, but instead must "demonstrate that irreparable injury is likely in the absence of an injunction." *Id.* at 375 (emphasis and citations omitted).

Plaintiff must show that he is likely to succeed on the merits of his claim, that he will be irreparably harmed if he is not granted the extraordinary relief he seeks, that the balance of harm favors him, and that public interest favors granting the relief he seeks. He has not done so.

It is well settled that inmates have no constitutional right to be incarcerated in a particular prison. *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Plaintiff states that while he is housed at CRCC, he is too far from his family. In addition, Plaintiff seeks a temporary restraining order against Defendants "for safety." He is no longer housed at the same facility as the Defendants.

ORDER - 3

Plaintiff also claims that a prior move within the WCC was in response to his request for a move, but that move resulted in close custody with no access to contact visits or a weight room. He also claims that the move was in retaliation for filing this lawsuit. However, he fails to offer any argument or evidence as to the likelihood of success on the merits of his claims regarding the alleged sexual assault and other violations. He also provides no evidence to support his claim that he will be subjected to irreparable injury while he is housed at the CRCC. Moreover, allegations of potential, feared, future harm (which apparently will occur if he is transferred back to the "western side" of the State do not support injunctive relief.

Finally, Plaintiff does not address how the balance of harm favors him or what public interest will be served by granting him the relief he requests.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court **deny** Plaintiff's motion for preliminary injunction (ECF No. 25).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 23, 2011**, as noted in the caption.

DATED this __2nd__ day of September, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 4