UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES S. LONGSHORE,

                   Plaintiff,

  v.

SCOTT RUSSELL, SGT. QUENGA, SGT. MCKANNEY, SGT. ROBERTS, C/O TROTTER, and STEVEN DEMARS,

                   Defendants.

No. C11-5278 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted for: July 6, 2012**

Before the Court is the motion for summary judgment of Defendant Matthew Trotter. ECF No. 53. Plaintiff did not file a response to Defendant Trotter's motion for summary judgment. Pursuant to the Local Rules of the Western District of Washingtion, his failure to do so may be considered by the Court as an admission that Defendant Trotter's motion has merit. CR 7(b)(2).

Having carefully reviewed the motion, parties' pleadings, supporting declarations, and balance of the record, and viewing the evidence in the light most favorable to Plaintiff, the undersigned recommends that the Defendant Trotter's motion for summary judgment be denied.

**PROCEDURAL HISTORY**

On May 19, 2011, Plaintiff filed an amended complaint against Defendant Trotter and several other Washington State Department of Corrections officials, alleging violations of his civil rights pursuant to 42 U.S.C. § 1982. ECF No. 1. On July 18, 2011, the Court issued a Scheduling Order, which provided notice to Plaintiff of his rights and obligations under court rules governing motions, including motions for summary judgment pursuant to *Rand v. Rowland,*

REPORT AND RECOMMENDATION - 1

154 F.3d 952 (9th Cir. 1998), *cert. denied,* 527 U.S. 1035, 119 S.Ct. 2392 (1999), ECF No. 32, at 2-3.

On December 14, 2011, Defendants moved to dismiss all of Plaintiff's claims for failure to exhaust administrative remedies *except* his Eighth Amendment claim against Defendant Trotter. ECF No. 41. On March 20, 2012, the Court granted the motion. ECF No. 41.

In his Eighth Amendment claim against Defendant Trotter, Plaintiff alleges that during a pat search on April 5, 2011, Defendant Trotter fondled his genital area and pulled his underwear "up to the point the band broke and it hurt." ECF No. 11, at 3. Plaintiff filed a grievance that same day, stating that Defendant Trotter had:

> …improperly pat searched me pulled up my jump suit then pulled my underwere between my butox to were it hurt I told him that was on called for and sexual assault he then came and had all other staff come and threatin me if I file a investigation on him…. [sic]

*Id.*, at 18.

Defendant Trotter argues there is no evidence of constitutional deprivation and that, therefore, he is entitled to qualified immunity. ECF No. 53, at 2. In support of his motion, he filed a verified Declaration. ECF No. 53-1 (Declaration of Matthew Trotter).

## FACTS

**A.  Uncontroverted Material Facts**

On April 5, 2011, Corrections Officer Matthew Trotter was working as a response and movement officer at the Washington Corrections Center (WCC). ECF No. 53-1, Exh. 1 (Trotter Decl.), ¶ 2. As part of his duties, Officer Trotter was conducting "pat searches" of offenders as they left the dining hall area, because offenders may attempt to take dining room implements or other contraband out of the dining area. *Id.*, at ¶ 3. A "pat search" involves, among other things, "patting the hands along the fully clothed body of the offender." *Id.,* Attachment A, at 3.

REPORT AND RECOMMENDATION - 2

An effective pat search must include all areas of the offender's body, including the upper thighs, groin area, and buttocks. *Id.*, at ¶ 3. When searching near an offender's groin area, officers are trained to run the back of the hand through that area to check for contraband. *Id.* Also, when an offender is wearing baggy clothing, it is important to shake the belt area of the clothing to ensure that nothing is being concealed inside the waist band area. *Id.*

While conducting pat searches on April 5, 2011, Officer Trotter pat searched the Plaintiff. *Id.*, at ¶ 6. He noticed that Plaintiff was wearing an oversized set of coveralls. He believes they were a size 4XL. This stood out to him because Plaintiff is just over 6 feet tall and has a thin build. During his pat search of Plaintiff, Office Trotter patted his upper body first, including his arms, chest, and waist. He then checked Plaintiff's lower body, patting his legs to the knees. During this pat search, Officer Trotter ran his hands along the fully clothed body searching for weapons or other contraband. Officer Trotter grasped Plaintiff's coveralls at the waist and shook them out to try to dislodge any potential contraband. *Id.*, at ¶ 7. At the end of the pat search Plaintiff stated, "I should file a fucking PREA[1] complaint," and became disruptive. *Id.*, at ¶ 7. There were other offenders nearby. *Id.*

Officer Trotter states that because of the oversized jumpsuit Plaintiff was wearing, Officer Trotter did not pat Plaintiff's legs above the knees. *Id.*, at ¶ 7. He also states that the pat search was performed in conformance with DOC policies and practices. *Id.*, at ¶ 8. Plaintiff continued to yell and became disruptive after the search was complete and as he was walking away. At that time he was talked to by Sergeant Roberts and was sent back to his housing unit. *Id.*

---

[1] The Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15602, et. seq.

REPORT AND RECOMMENDATION - 3

**B. Controverted Material Facts**

Although Plaintiff has failed to file a responsive memorandum, the Court may consider assertions in a Plaintiff's complaint as evidence in opposition of a motion for summary judgment if (1) the facts asserted are based on personal knowledge, (2) they are admissible in evidence, and (3) the plaintiff has declared under penalty of perjury that the contents of the complaint are true and correct. *Schroeder v. McDonald,* 55 F.3d 454, 460 (9th Cir. 1995); *McElyea v. Babbitt,* 833 F.32d 196, 197 (9th Cir. 1987). Here, Plaintiff's amended complaint is properly verified. ECF No. 11. The controverted material facts are summarized as follows:

In his verified amended complaint, Plaintiff alleges that Officer Trotter fondled his genitals and pulled on his underwear hard enough to break the band of his underwear and to cause him pain. ECF No. 11, at 4. Officer Trotter states that at no time during the pat search did he put his hand near Plaintiff's groin area, fondle Plaintiff's genitals or pull on his underwear. ECF No. 53-1, Exhibit 1 (Trotter Decl.), ¶ 9.

## SUMMARY JUDGMENT

Summary judgment pursuant to Fed.R.Civ.P. 56(a) avoids unnecessary trials in cases with no disputed material facts. *See Northwest Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.1994). At issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Rule 56 serves to screen the latter cases from those which actually require resolution of genuine disputes over facts material to the outcome of the case; e.g., issues that can only be determined through presentation of testimony and evidence at trial such as credibility determinations of conflicting testimony over dispositive facts.

By clarifying what the non-moving party must do to withstand a motion for summary judgment, the Supreme Court has increased the utility of summary judgment. First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis added). Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment. *California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert. denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added). In short, there is no "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th Cir.1991) (*quoting Celotex*, 477 U.S. at 322).

Thus, to overcome summary judgment an opposing party must show a dispute that is both genuine and involving a fact that makes a difference in the outcome. Two steps are necessary.

REPORT AND RECOMMENDATION - 5

First, according to the substantive law, the court must determine what facts are material. Second, in light of the appropriate standard of proof, the court must determine whether material factual disputes require resolution at trial. *Id.*, at 248.

When the opposing party has the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). The moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex v. Cattret*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party meets its burden, the burden shifts to the opposing party to establish genuine material factual issues. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 586. The opposing party must demonstrate that the disputed facts are material, i.e., facts that might affect the outcome of the suit under the governing law, *see Anderson*, 477 U.S. at 248; *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987), and that disputes are genuine, i.e., the parties' differing versions of the truth require resolution at trial, see *T.W. Elec.*, 809 F.2d at 631. There can be no genuine issue as to any material fact where there is a complete failure of proof as to an essential element of the nonmoving party's case because all other facts are thereby rendered immaterial. *Celotex*, 477 U.S. at 323. The opposing party may not rest upon the pleadings' mere allegations or denials, but must present evidence of specific disputed facts. *See Anderson*, 477 U.S. at 248. Conclusory statements cannot defeat a properly supported summary judgment motion. *See Scott v. Rosenberg*, 702 F.2d 1263, 1271-72 (9th Cir.1983). A verified complaint may be used as an affidavit in opposition to the motion. *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir.1995); *McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th Cir.1987) (per curiam).

REPORT AND RECOMMENDATION - 6

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See Anderson,* 477 U.S. at 249, 255. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir.1991) (Kozinski, J., dissenting) (*citing Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir.1995). On the other hand, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

## DISCUSSION

**A.      Eighth Amendment**

"[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248. Plaintiff's action arises under 42 U.S.C. Section 1983 and the Eighth Amendment.

Sexual abuse in prison is viewed through the Eighth Amendment's ban on cruel and unusual punishment. "Whether a particular event or condition in fact constitutes 'cruel and unusual punishment' is gauged against 'the evolving standards of decency that mark the progress of a maturing society.'" *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir.2000) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)). In terms of excessive force, the Supreme Court has held that when "prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated,"

REPORT AND RECOMMENDATION - 7

regardless of whether a prisoner suffered significant physical injury. *Hudson*, 503 U.S. at 9. The only requirement is that the prison official's actions be "'offensive to human dignity.'" *Schwenk*, 204 F.3d at 1196 (quoting *Felix v. McCarthy*, 939 F.2d 699, 702 (9th Cir.1991)). "A sexual assault on an inmate by a guard ... is deeply 'offensive to human dignity.'" *Id*. at 1197.

By contrast, "the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." *Austin v. Terhune,* 367 F.3d 1167, 1172 (9th Cir.2004) (finding that a prison guard's act of exposing himself to an inmate from an elevated glass-enclosed control booth was not sufficiently serious to violate the Eighth Amendment because the guard never physically touched the inmate and because the incident was isolated and lasted only 30–40 seconds). Moreover, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. Rather, "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force." *Id*. at 9–10; see also *Berryhill v. Schriro*, 137 F.3d 1073 (8th Cir.1998) (holding that not all "unwelcome touches amount[ ] to unnecessary and wanton infliction of pain," and that prison maintenance employees' conduct of briefly touching an inmate's buttocks, unaccompanied by any sexual comments or banter, was not sexual assault required to support the inmate's Eighth Amendment claim, as the touching lasted only seconds, and the inmate believed the employees were trying to embarrass him, not rape him); *Fisher v. Dizon*, 2008 WL 619149 (E.D.Cal. March 4, 2008) (a guard's act of poking an inmate twice in the buttocks was *de minimis* and was not an act of cruel and unusual punishment).

**DISCUSSION**

Here, the first issue is not the severity, duration, or frequency of the sexual contact between Plaintiff and Defendant Trotter, but whether the assault occurred at all. In his verified

REPORT AND RECOMMENDATION - 8

amended complaint, Plaintiff alleges that Officer Trotter fondled his genitals and pulled on his underwear hard enough to break the band of his underwear and to cause him pain. ECF No. 11, at 4. Officer Trotter states that at no time during the pat search did he put his hand near Plaintiff's groin area, fondle Plaintiff's genitals or pull on his underwear. ECF No. 53-1, Exhibit 1 (Trotter Decl.), ¶ 9. Therefore, in order to believe one party's version of the events, the Court must dismiss or discredit the other party's version. This is something it cannot do on summary judgment. It is not the court's function at the summary judgment stage to determine the credibility of the parties as such factual disputes are best left to a jury or bench trial.

Assuming the assault did occur as Plaintiff has described, the next issue is whether the severity and/or duration of the assault rises to an Eighth Amendment violation. As noted above, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. However, Plaintiff alleges that Officer Trotter "fondled" him, which infers more than a fleeting or *de minimis* touching.

At this point in the litigation, there remain open important questions regarding the alleged sexual and/or physical assault. Specifically, it is disputed that the assaults occurred. These are central factual issues that cannot be resolved based on the record before the Court today. Therefore, summary judgment is inappropriate and the Court recommends that Defendant Trotter's motion for summary judgment (ECF No. 53) be **DENIED**.

**B.   Qualified Immunity**

Defedant Trotter argues that he is entitled to qualified immunity. ECF No. 53, at 2.

Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). Because qualified immunity is an immunity from suit rather than a mere defense to liability, this

REPORT AND RECOMMENDATION - 9

question should be resolved at the earliest possible stage in litigation. *See Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam); *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). The qualified immunity inquiry has two parts: whether the facts alleged or shown make out a violation of a constitutional right; and whether the right at issue was "clearly established" at the time of a defendant's alleged misconduct. See *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Courts are permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case. *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

Qualified immunity is not appropriate at this stage. First, the constitutional right was clearly established. As noted in *Schwenk,* "[w]here a prison official, rather than another inmate, is "responsible for the rape and sexual abuse of inmates, qualified immunity offers no shield." *Schwenk*, 204 F.3d at 1197. Second, there are material issues of fact as to whether the sexual and/or physical assault alleged by Plaintiff occurred. Clearly then, the case must proceed to trial. "If there are genuine issues of material fact in issue relating to the historical facts of what the official knew or what he did, it is clear that these are questions of fact for the jury to determine." *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 70 F.3d 1095, 1099 (9th Cir.1995).

Because the Court cannot say as a matter of law that it was objectively reasonable for Defendant Trotter to believe that the facts as they stand on summary judgment showed no violation of a clearly established right, these issues remains to be resolved in further proceedings, and summary judgment on Defendant Trotter's request for qualified immunity should be denied.

**CONCLUSION**

Based on the foregoing, the undersigned recommends that Defendant Trotter's motion for summary judgment (ECF No. 53) be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 6, 2012**, as noted in the caption.

DATED this  15th  day of June, 2012**.**

Karen L. Strombom
United States Magistrate Judge