1    HONORABLE RONALD B. LEIGHTON

2

3

4

5

6    UNITED STATES DISTRICT COURT
7    WESTERN DISTRICT OF WASHINGTON
     AT TACOMA
8
9    CHARLES S LONGSHORE,                    CASE NO. C11-5278 RBL

                          Plaintiff,         ORDER
10
                   v.                        [DKT. #s 65 & 66]
11
     SCOTT RUSSELL, et al.,
12
                          Defendants.
13

14          THIS MATTER is before the Court on Plaintiff's Motions for Appointment of Counsel

15   [Dkt. #65] and for a scheduling conference [Dkt. #66].  Defendants oppose both Motions.

16          There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. *Storseth*

17   *v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). A district court has discretion to designate counsel

18   to represent an indigent civil litigant. 28 U.S.C. § 1915(e); *Wilborn v. Escalderon*, 789 F.2d 1328,

19   1331 (9th Cir. 1986). Counsel may only be appointed under 28 U.S.C. § 1915(e)(1) (formerly 28

20   U.S.C. § 1915(d)) in "exceptional circumstances." *Wilborn*, 789 F.2d at 1331, quoting *Weller v.*

21   *Dickson*, 314 F.2d 598, 600 (9th Cir.), *cert. denied*, 375 U.S. 845, 84 S. Ct. 97 (1963); *Rand v.*

22   *Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), overruled on other grounds, 154 F.3d 952 (9th Cir.

23   1998); *see also United States v. Madden*, 352 F.2d 792, 794 (9th Cir. 1965). "A finding of

24   exceptional circumstances requires an evaluation of both the likelihood of success on the merits [and]

ORDER - 1

the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331, quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of the above-cited "factors is dispositive, and both must be viewed together before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting *Wilborn*, 789 F.2d at 1331).

Plaintiff Longshore has not met his burden of demonstrating the exceptional circumstances required for appointment of counsel, and his Motion is DENIED.

The basis and purpose for Plaintiff's Motion for a scheduling conference is not clear. Defendants inform the Court that they have discussed scheduling and discovery, and there is a Joint Status Report due form the parties in the relatively near future.  They also oppose any request for early discovery, if and to the extent Plaintiff makes such a request.  There has been no showing of a need for an additional conference, or for early discovery, at this time.  The Plaintiff's Motion for a Scheduling Conference is DENIED without prejudice.

IT IS SO ORDERED.

Dated this 13th day of September, 2012.

Ronald B. Leighton
United States District Judge