|   |   |
|---|---|
| | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES S LONGSHORE,<br><br>    Plaintiff,<br><br>    v.<br><br>SCOTT RUSSELL, et al.,<br><br>    Defendants. | CASE NO. C11-5278 RBL<br><br>ORDER<br><br>[DKT. #s 65 & 66] |

THIS MATTER is before the Court on Plaintiff's Motions for Appointment of Counsel [Dkt. #65] and for a scheduling conference [Dkt. #66]. Defendants oppose both Motions.

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). A district court has discretion to designate counsel to represent an indigent civil litigant. 28 U.S.C. § 1915(e); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Counsel may only be appointed under 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)) in "exceptional circumstances." *Wilborn*, 789 F.2d at 1331, quoting *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir.), *cert. denied*, 375 U.S. 845, 84 S. Ct. 97 (1963); *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), overruled on other grounds, 154 F.3d 952 (9th Cir. 1998); *see also United States v. Madden*, 352 F.2d 792, 794 (9th Cir. 1965). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits [and]

| | |
|---|---|
| 1 | the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues |
| 2 | involved.'" *Wilborn*, 789 F.2d at 1331, quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. |
| 3 | 1983). Neither of the above-cited "factors is dispositive, and both must be viewed together before |
| 4 | reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting *Wilborn*, 789 |
| 5 | F.2d at 1331). |

Plaintiff Longshore has not met his burden of demonstrating the exceptional circumstances required for appointment of counsel, and his Motion is DENIED.

The basis and purpose for Plaintiff's Motion for a scheduling conference is not clear. Defendants inform the Court that they have discussed scheduling and discovery, and there is a Joint Status Report due form the parties in the relatively near future. They also oppose any request for early discovery, if and to the extent Plaintiff makes such a request. There has been no showing of a need for an additional conference, or for early discovery, at this time. The Plaintiff's Motion for a Scheduling Conference is DENIED without prejudice.

IT IS SO ORDERED.

Dated this 13th day of September, 2012.

/s/ Ronald B. Leighton
Ronald B. Leighton
United States District Judge